1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DAYNE ALEXANDER,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendant.

CASE NO: 14-CV-0137 W (KSC)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND [DOC. 6]**

Pending before the Court is Defendant United States of America's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Dayne Alexander opposes.

The Court decides the matters on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS** the motion to dismiss [Doc. 6] and **ORDERS** the case **DISMISSED WITHOUT LEAVE TO AMEND**.

# I.   BACKGROUND

This lawsuit arises from an injury suffered by Plaintiff Dayne Alexander while working out at the Olde Gym at the Naval Base San Diego.  (*Compl.* [Doc. 1], ¶11.) Alexander contends that while using the Maxicam Squat Rack Stairstep 2020, the machine collapsed on him resulting in a fracture of the left femur, and later requiring several surgeries.  (*Id.*, ¶ 12.)

On March 7, 2012, Alexander submitted a claim with Defendant United States for $850,000 under the Federal Tort Claims Act ("FTCA").  (*Opp.* [Doc. 7], 5:14–15.) On November 12, 2012, Defendant denied the claim, and on March 8, 2013, Alexander filed a lawsuit in the Southern District of California entitled, Alexander v. United States of America, Civil Case No. 13cv545 (the "Alexander I").

Shortly after the lawsuit was filed, on July 3, 2013, Alexander filed a motion seeking "leave to file a First Amended Claim Form, or in the alternative, to dismiss [the] complaint and then file a new claim form followed by refilling [sic] of complaint. . . ."  (*See Notice of Mt.* [Doc 7 in Alexander I], 1:22–25.)  According to the motion, after the government claim was submitted, Alexander learned that he would require more medical care and periods of recovery during which he would not be able to work. (*Memo of P&A* [Doc. 7-1 in Alexander I], 3:8–10, 6:22–23.)  As a result, Alexander sought to amend his FTCA claim to increase the damages sought from $850,000 to $6 million.  (*Id.*, 6:1–2.)

On December 28, 2013, this Court issued an Order Granting In Part and Denying In Part Plaintiff's Motion to Amend or Dismiss Without Prejudice.  (*See Order* [Doc. 24 in Alexander I].)  With respect to Alexander's request to amend his FTCA claim, Alexander failed to identify any authority allowing a claimant to file a motion to amend an FTCA claim in district court.  (*Id.*, 3:9–11, 3:20–26.)

The Order explained, however, that notwithstanding the lack of authority to move to amend a claim in district court, 28 U.S.C. § 2675(b) allowed Alexander to seek damages in excess of $850,000 in Alexander I if he could demonstrate that "the

increased amount is based upon newly discovered evidence not reasonably discoverable
at the time of presenting the claim to the federal agency, or upon allegation and proof
of intervening facts, relating to the mount of the claim." (*Order*, 3:28–4:3.)  But the
Order further explained that the cases allowing claimants to pursue larger damage
claims made the determination that the increased damages were based on newly
discovered evidence "at trial, not at the start of the litigation before discovery has been
conducted." (*Id.*, 4:4–6.)  Because <u>Alexander I</u> was still in the early stages of discovery,
the Court found that evaluating whether "Alexander's increased damages are based on
newly discovered evidence at this stage in the litigation would be prejudicial to
Defendant," particularly given that Alexander's motion was based on evidence in his
possession.  (*Id.*, 4:23–5:3.)  The Order, therefore, notified Alexander that as an
alternative to dismissing the case, he could "proceed with this litigation and seek a
determination about whether his increased damage claim is based on newly discovered
evidence at the appropriate time." (*Id.*, 6:3–5.)  Instead, on December 26, 2013,
Alexander filed a request for dismissal without prejudice, which was granted on
December 30, 2013.

Meanwhile, on December 23, 2013, Alexander filed a second or amended
government claim form, which was rejected on January 16, 2014. On January 17, 2014,
Alexander filed this lawsuit, and Defendant's motion to dismiss followed.

## II.   DISCUSSION

The FTCA provides, in part, that "a tort claim against the United States shall
forever be barred . . . unless action is begun within six months after the date of mailing,
by certified or registered mail, notice of final decision of the claim by the agency to
which it was presented."  28 U.S.C. § 2401(b).  Thus, a claimant "must file suit within
six months of administrative denial of the claim." <u>Dyniewicz v. United States</u>, 742 F.2d
484, 485 (9th Cir. 1984). "Failure to satisfy this requirement deprives a court of subject
matter jurisdiction." <u>Galvan v. United States</u>, 957 F.Supp.2d 1182 (E.D. Cal. 2013).

Here, the United States denied Alexander's claim on November 12, 2012. Based on this date, the limitations period expired on May 12, 2013. Because <u>Alexander I</u> was filed on March 8, 2013, that lawsuit was timely. This case, however, was filed on January 17, 2014, well beyond the 6-month FTCA limitations period. Accordingly, the lawsuit is time barred as to the United States.

Alexander, nevertheless, argues that equitable tolling should apply to save his case. However, Alexander's argument is not supported by any authority and is contrary to the Ninth Circuit's decision in <u>Lehman v. United States</u>, 154 F.3d 1010 (9th Cir. 1998).[1]

In <u>Lehman</u>, plaintiffs filed an FTCA claim after being struck and injured by a U.S. Postal Service truck. The claim was rejected and plaintiffs filed a timely lawsuit. Plaintiffs later voluntary dismissed the lawsuit without prejudice, relying on an agreement with the government's attorney that the action "'would be voluntarily dismissed until Ms. Lehman's medical condition had stabilized, at which point settlement negotiations' would resume." <u>Id.</u> at 1012. According to plaintiffs, defense counsel later repudiated the agreement and refused to settle. Plaintiffs then filed a new lawsuit, more than a year after the Postal Service denied plaintiffs' FTCA claim, and the government moved to dismiss the new case as time barred. The district court granted defendant's motion.

On appeal, plaintiffs argued that the statute of limitations should be equitably tolled based on the government's agreement to allow plaintiff to voluntarily dismiss the original lawsuit in order to engage in settlement negotiations. <u>Lehman</u>, 154 F.3d at 1015. Plaintiffs also argued that equitable tolling was justified because defense counsel

---

[1] Alexander's primary argument in opposition is that equitable tolling should apply. He also suggests that the Court should deem his December 23, 2013 FTCA claim as the operative claim for evaluating the 6-month FTCA limitations period, but he provides no supporting authority. (<i>Opp.</i>, 10:2–4.) Moreover, Alexander's argument is unpersuasive because it would create a large loophole in the 6-month limitations period by allowing a claimant to restart that period by simply filing a second claim within two years after the original claim accrued.

1  never advised plaintiffs' counsel that the lawsuit would need to be re-filed within 6

2  months of the denial of the original FTCA claim.  Id.

3      The Ninth Circuit explained that equitable tolling is applied sparingly, for

4  example, "when the statutes of limitations was not complied with because of defective

5  pleadings, when a claimant was tricked by an adversary into letting a deadline expire,

6  and when the agency's written notice of the statutory period was clearly inadequate."

7  Lehman, 154 F.3d at1016 (quoting Scholar v. Pacific Bell, 963 F.2d 264, 267–268 (9th

8  Cir. 1992)).  However, "the doctrine is not available to avoid the consequences of one's

9  own negligence," such as "*when a late filing is due to claimant's failure 'to exercise due*

10 *diligence in preserving his legal rights.*'" Id. (emphasis in original).  Nor is opposing counsel

11 obligated to advise his or her adversary about the statute of limitations.  Because

12 defense counsel did not make any misrepresentations regarding the statute of

13 limitations or the effect of plaintiffs' voluntary dismissal, the Ninth Circuit found that

14 plaintiffs failed to demonstrate their "ignorance of the limitations period was excusable"

15 and affirmed the dismissal.  Id. at 1016.

16     Here, the argument for equitable tolling is even less compelling than in Lehman.

17 Unlike Lehman, there is no question that Alexander's decision to dismiss Alexander

18 I was solely the result of his or his attorney's strategy.  Alexander I was not dismissed

19 because of any agreement between the parties, but instead was the direct result of

20 Alexander's motion requesting that the Court allow him to dismiss the case without

21 prejudice.  In fact, Defendant opposed Alexander's request, and this Court's Order in

22 Alexander I provided him with an alternative to dismissing the case:

> 23  Alexander may proceed with this litigation and seek a determination
> 24  about whether his increased damage claim is based on newly discovered
>     evidence at the appropriate time.

25 (*Order*, 6:3–5.)    Thus, unlike Lehman, where plaintiff was arguably encouraged by

26 defense counsel to dismiss the case, Alexander's decision to dismiss Alexander I was

27

28

based on his or his counsel's strategy.  Accordingly, equitable tolling does not apply to this case.[2]

### III.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant United States' motion to dismiss [Doc. 6], and **ORDERS** this case **DISMISSED WITHOUT LEAVE TO AMEND**.  In light of this order, Plaintiff's motion for leave to amend [Doc. 12] is **TERMINATED**.

**IT IS SO ORDERED.**[3]

DATED: May 5, 2014

Hon. Thomas J. Whelan
United States District Judge

---

[2] Alexander also appears to suggest that the delay in deciding his motion to amend in Alexander I somehow contributed to his procedural problems.  But Alexander's FTCA claim was denied on November 12, 2012, and Alexander I was filed on March 8, 2013.  Thus, the 6-month FTCA limitations period expired well before the motion was even filed, and any "delay" in deciding the motion did not contribute to or cause his statute of limitations problem.

Additionally, Alexander appears to assert that Defendant's motion to dismiss should be denied because his dismissal of Alexander I and attempt to amend his claim form was approved or sanctioned by this Court: "Plaintiff requests this court recognize Plaintiff's December 23, 2013 claim form as the 'operative' claim form filed consistent with and per this court's December 18, 2013 order." (Opp., 4:19–21.)  This assertion lacks merit.  The Court's responsibility is to decide motions filed by the parties.  Here, Alexander's motion in Alexander I requested an order amending his claim form or, alternatively, allowing him to voluntarily dismiss the case without prejudice.  Based on the applicable law, this Court determined that it could not grant a motion to amend, but Alexander was entitled to dismiss the case without prejudice.  The Court was not asked, and did not determine, whether dismissal was wise or would create procedural problems for Alexander.

[3] Alexander's opposition also requests that the Court set aside his voluntary dismissal in Alexander I.  Because Alexander's request is more appropriately decided in Alexander I, the Court need not address that issue here.